Nathan Nicholas, Wyo. Bar #7-5078
Travis W. Koch, Wyo. Bar # 7-5418
Koch Law, P.C.
P.O. Box 2660
Cheyenne, WY 82003
(307) 426-5010
(307) 426-4927 (fax)
tkoch@kochlawpc.com
nnicholas@kochlawpc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BRFT HOLDINGS LLC, a Wyoming limited liability company, and BEAREFOOT LLC, a Delaware limited liability company | ) ) ) | |
| Plaintiff, | ) | **Civil Action No. _____** |
| | ) | |
| -vs- | ) | |
| | ) | |
| BEARFOOT LLC, a North Dakota limited liability company, | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiffs BRFT Holdings LLC and Bearefoot LLC through its undersigned attorneys, Koch Law P.C. and Mandelbaum Barrett PC, asserts the following complaint against the above-named Defendants.

## NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201. Plaintiffs BRFT Holdings LLC and Bearefoot LLC (collectively "Plaintiffs") bring this action to establish that their registration and use of the domain name *bearfoot.com* is not unlawful, does not infringe upon any trademark rights of Defendant Bearfoot

LLC ("Defendant"), and does not violate the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Plaintiffs also seek injunctive relief under 15 U.S.C. § 1114(2)(D)(v). This action is filed following an adverse decision in a Uniform Domain-Name Dispute-Resolution Policy ("UDRP") proceeding, Case No. D2026-1680, issued on June 25, 2026, ordering the transfer of *bearfoot.com* from BRFT Holdings LLC to Defendant.

## THE PARTIES

2.      Plaintiff BRFT Holdings LLC ("BRFT") is a limited liability company organized and existing under the laws of the State of Wyoming, with its principal place of business located at 5830 East 2nd Street, Ste 7000 #33378, Casper, Wyoming 82609. Plaintiff does business as "Bearefoot" and operates in the barefoot-style minimalist athletic shoe industry. On information and belief, Plaintiff BRFT owns the domain name *bearfoot.com,* holds trademark rights relevant to this action, including U.S. Registration No. 1,752,621 for the mark BEAR FEET, and is affiliated with Plaintiff Bearefoot LLC.

3.      Plaintiff Bearefoot LLC ("Bearefoot") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 254 Chapman Road, Suite 208 #15644, Newark, Delaware 19702. On information and belief, Bearefoot is affiliated with BRFT and operates the day-to-day retail business of selling barefoot-style minimalist athletic shoes under the brand name "Bearefoot," including through the domain name *bearefoot.com*.

4.      Defendant Bearfoot LLC is a limited liability company organized and existing under the laws of the State of North Dakota, with its principal place of business located at 114 15th Street North, Suite C, Fargo, North Dakota 58102. Defendant operates in the barefoot-style minimalist athletic shoe industry and sells products through the website *www.bearfoot.store.*

2

## JURISDICTION

5.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), as this action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, including specifically 15 U.S.C. § 1114(2)(D)(v), and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

6.      Pursuant to 15 U.S.C. § 1114(2)(D)(v), a domain name registrant who is aggrieved by an adverse decision in a proceeding under a policy described in § 1114(2)(D)(ii)(II) may commence a civil action to establish that the registration or use of the domain name by such registrant is not unlawful. The UDRP decision in Case No. D2026-1680 ordered the transfer of Plaintiff BRFT's domain name *bearfoot.com* to Defendant, and this action is timely filed within the period prescribed by the UDRP Policy.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff BRFT's principal place of business is located in the District of Wyoming. This forum is also consistent with the mutual jurisdiction provision of the UDRP Policy, Paragraph 4(k), which provides for jurisdiction in the location of the domain-name holder's address as reflected in the Whois database at the time the complaint was submitted.

## JURY DEMAND

8.      Plaintiff demands a trial by jury on all causes of action so triable.

## UNDERLYING FACTS

9.      Bearefoot began doing business in the barefoot-style minimalist athletic shoe industry in or about October 2023, operating under the brand name "Bearefoot" through the primary domain name *bearefoot.com*, which Bearefoot acquired on October 15, 2023.

10. Bearefoot has developed a substantial consumer following, with approximately 62,200 Instagram followers (@gobearefoot) and approximately 37,000 Facebook followers.

11. On September 26, 2024, Bearefoot filed a trademark application for the mark BEAREFOOT with the United States Patent and Trademark Office ("USPTO"), Serial No. 98772117. That application remains pending.

12. On May 30, 2024, Bearefoot purchased the domain name *bearfoot.com* from a third party on the open market for $9,500. Bearefoot acquired the domain as a variant spelling of its own "Bearefoot" brand and configured it to permanently redirect visitors to Plaintiff's primary website at *bearefoot.com*. This redirect has been in continuous operation since acquisition.

13. On or about March 30, 2026, BRFT acquired the trademark rights in U.S. Registration No. 1,752,621 for the mark BEAR FEET, which was originally filed on July 31, 1987, and registered on February 16, 1993, in connection with infant and children's shoes. This registration is senior to any trademark rights claimed by Defendant.

14. On information and belief, Defendant has operated in the barefoot-style minimalist athletic shoe market since approximately February 2019, selling products through the website *www.bearfoot.store*.

15. On information and belief, Defendant owns U.S. Registration No. 6,482,834, registered on September 14, 2021, for a logo mark described as a bear print with a human footprint design, in International Class 25 for footwear, claiming a first use date of February 2, 2019. This registration is for a *design mark only* and does not constitute a registered wordmark for "BEARFOOT."

16. On information and belief, on or about April 29, 2025, Defendant filed a trademark application for the wordmark BEARFOOT with the USPTO. That application was subsequently

abandoned following a non-final office action citing U.S. Registration No. 1,752,621 for BEAR FEET—the same registration now owned by BRFT—as a bar to registration.

17.    The domain name *bearfoot.com* is registered with NameCheap, Inc. (the "Registrar").

18.    On information and belief, on or about April 20, 2026, Defendant initiated a UDRP proceeding against Plaintiff BRFT with respect to the domain name *bearfoot.com*, designated as Case No. D2026-1680.

19.    BRFT, through counsel, timely submitted a Response in that proceeding on May 22, 2026.

20.    On June 25, 2026, the sole panelist, David H. Bernstein, issued a decision ordering the transfer of *bearfoot.com* from Plaintiff BRFT to Defendant (the "UDRP Decision").

21.    In the UDRP Decision, the panelist found that Defendant had established common law trademark rights in the word mark BEARFOOT. However, the panelist expressly acknowledged that such rights are "quite narrow" given what the panelist described as a "crowded field" in which multiple marks—including BEAR FEET, BEARFOOT, BEAREFOOT, and VIVOBAREFOOT—coexist for barefoot-style shoes.

22.    The panelist further found that the scope of Defendant's common law rights is "essentially limited only to an exact duplicate of the mark at issue."

23.    Despite acknowledging the narrowness of Defendant's rights and the existence of BRFT's federal registration for BEAR FEET, the panelist concluded that BFRT lacked rights or legitimate interests in *bearfoot.com* and that the domain was registered and used in bad faith.

24.    Notably, the panelist stated in the UDRP Decision that "this may be an issue that the Parties will need to resolve in a court," effectively recognizing that the dispute presents

questions more appropriately resolved through judicial proceedings with full evidentiary standards.

25.    The UDRP proceeding employed a limited evidentiary framework that did not afford BRFT the opportunity for discovery, cross-examination, or full presentation of its defenses. The UDRP Decision is not binding on this Court and is not entitled to any deference. This Court conducts a de novo review of the lawfulness of BRFT's registration and use of the domain name.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT UNDER 15 U.S.C. § 1114(2)(D)(v)**

26.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

27.    Pursuant to 15 U.S.C. § 1114(2)(D)(v), Plaintiffs are entitled to a declaration that its registration and use of the domain name *bearfoot.com* is not unlawful.

28.    Plaintiffs registered *bearfoot.com* in good faith, for the legitimate purpose of redirecting traffic from a common variant spelling of its own brand name "Bearefoot" to its primary website at *bearefoot.com*.

29.    Plaintiffs own U.S. Registration No. 1,752,621 for the mark BEAR FEET for footwear, which is senior to any trademark rights claimed by Defendant. The domain name *bearfoot.com* is a reasonable variant of Plaintiff's own registered mark.

30.    Plaintiffs' registration and use of *bearfoot.com* was not motivated by any intent to profit from, trade upon, or create confusion with Defendant's mark, but rather to capture traffic from consumers seeking Plaintiff's own brand.

31.    Defendant's claimed common law rights in the word mark BEARFOOT are narrow, as acknowledged by the UDRP panelist, and do not preclude Plaintiff's good faith use of the domain for legitimate commercial purposes unrelated to Defendant.

32.    A present, justiciable controversy exists between the parties regarding the lawfulness of Plaintiffs' registration and use of *bearfoot.com*, and a judicial determination of this issue is necessary to resolve the parties' respective rights.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

33.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

34.    Plaintiffs seek a declaration that their registration and use of the domain name *bearfoot.com* does not infringe any trademark rights of Defendant under 15 U.S.C. §§ 1114 or 1125(a).

35.    The UDRP panelist acknowledged that the field is "crowded" with similar marks, and that Defendant's rights are "essentially limited only to an exact duplicate of the mark at issue."

36.    Plaintiffs' use of *bearfoot.com* as a redirect to its own branded website at *bearefoot.com* does not create a likelihood of confusion as to the source, sponsorship, or affiliation of Plaintiffs' goods. Consumers who reach Plaintiffs' website via the redirect immediately encounter Plaintiffs' own distinct branding.

37.    To the extent any consumer confusion exists between the parties' respective brands, such confusion is an inevitable consequence of the descriptive nature of the term "bearfoot" in this industry and the coexistence of multiple similar marks, and does not constitute actionable trademark infringement.

38.    Plaintiffs own senior trademark rights in U.S. Registration No. 1,752,621 for BEAR FEET, which further supports the legitimacy of Plaintiffs' use of the domain name *bearfoot.com*.

**THIRD CAUSE OF ACTION**
**DECLARATORY JUDGMENT OF NON-VIOLATION OF THE**
**ANTICYBERSQUATTING CONSUMER PROTECTION ACT**

39.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

40.     Plaintiffs seek a declaration that their registration and use of the domain name *bearfoot.com* does not violate the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

41.     Under the ACPA, liability requires a showing of bad faith intent to profit from the goodwill of another's mark. 15 U.S.C. § 1125(d)(1)(A). The determination of bad faith intent requires consideration of the nine factors set forth in 15 U.S.C. § 1125(d)(1)(B)(i).

42.     Application of the statutory factors demonstrates that Plaintiffs did not register or use *bearfoot.com* with a bad faith intent to profit from Defendant's mark

a.   Plaintiffs have their own trademark and intellectual property rights in the domain name, including ownership of U.S. Registration No. 1,752,621 for BEAR FEET and a pending application for BEAREFOOT (Serial No. 98772117);

b.   The domain name consists of a common variant spelling of Plaintiffs' own legal brand name "Bearefoot";

c.   Plaintiffs have made bona fide noncommercial and commercial use of the domain by using it as a permanent redirect to its own primary website;

d.   Plaintiffs acquired the domain name on the open market for the legitimate purpose of capturing variant-spelling traffic for its own brand and paid fair market value ($9,500) to a third party;

8

e.  Plaintiffs have never offered to sell the domain name to Defendant or any other party;

f.  Plaintiffs have never provided false or misleading contact information in connection with the domain registration; and

g.  Plaintiffs operate a legitimate business with substantial goodwill, consumer following, and genuine sales of goods.

43.  Plaintiffs' registration and use of *bearfoot.com* does not constitute cybersquatting under any reasonable application of the ACPA's statutory factors.

**FOURTH CAUSE OF ACTION**
**INJUNCTIVE RELIEF UNDER 15 U.S.C. § 1114(2)(D)(v)**

44.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein

45.  Pursuant to 15 U.S.C. § 1114(2)(D)(v), a domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described in 15 U.S.C. § 1114(2)(D)(ii)(II), including the Uniform Domain-Name Dispute-Resolution Policy, may file a civil action to establish that the registration or use of the domain name is not unlawful, and this Court is expressly authorized to grant injunctive relief to the domain name registrant, including reactivation of the domain name or transfer of the domain name to the registrant.

46.  The UDRP Decision ordered the transfer of the domain name *bearfoot.com* from BRFT to Defendant following a proceeding that did not afford Plaintiffs the evidentiary protections available in this Court, including discovery, cross-examination, and application of the Federal Rules of Evidence.

47.  Plaintiffs will be irreparably harmed if the Domain is transferred to Defendant.

48.  Plaintiffs have no adequate remedy at law if the Domain is transferred to Defendant.

49.     The threatened injury to Plaintiffs outweighs whatever damage the proposed injunction may cause Defendant.

50.     If issued, the injunction would not be adverse to the public interest.

51.     Because Plaintiffs' registration and use of bearfoot.com is not unlawful, as set forth in the Causes of Action above, Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1114(2)(D)(v) restraining Defendant, the domain name Registrar, and all persons acting in concert or participation with them from implementing the transfer of bearfoot.com and, to the extent such transfer has already been implemented, directing the reactivation of the domain name registration and the transfer of *bearfoot.com* back to Plaintiffs.

## PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor and against Defendant as follows:

(A)     A declaratory judgment pursuant to 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201 that Plaintiffs' registration and use of the domain name *bearfoot.com* is not unlawful;

(B)     A declaratory judgment that Plaintiffs' registration and use of the domain name *bearfoot.com* does not infringe any trademark rights of Defendant under 15 U.S.C. §§ 1114 or 1125(a);

(C)     A declaratory judgment that Plaintiffs' registration and use of the domain name *bearfoot.com* does not violate the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

(D)     A permanent injunction, pursuant to 15 U.S.C. § 1114(2)(D)(v), enjoining and restraining Defendant, the domain name Registrar, and all persons acting in concert or participation with them, from taking any action to effect the transfer of the domain name *bearfoot.com* from

Plaintiffs, and, to the extent such transfer has already been effectuated, an order directing the reactivation of the domain name registration and the transfer of bearfoot.com back to Plaintiffs;

(E)    Awarding to Plaintiffs the costs, expenses, fees (including attorneys' fees) and disbursements of the action;

(F)    Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

By:  */s/ Travis W. Koch*
Nathan Nicholas, Wyo. Bar #7-5078
Travis W. Koch, Wyo. Bar # 7-5418
Koch Law, P.C.
P.O. Box 2660
Cheyenne, WY 82003
(307) 426-5010
(307) 426-4927 (fax)
tkoch@kochlawpc.com
nnicholas@kochlawpc.com

Lucian C. Chen, (*pro hac vice* to be filed)
Mandelbaum Barrett PC
570 Lexington Avenue, 21st Floor
New York, New York 10022
(212) 776-1834
lchen@mblawfirm.com

*Attorneys for Plaintiff*

## VERIFICATION

On behalf of BRFT Holdings LLC, I affirm and verify the following under penalty of perjury:

1. BRFT Holdings is the Plaintiff in this action and I am fully familiar with the facts of this matter.

2. I have read the foregoing Complaint and find its contents to be true and correct, except as to those matters asserted upon information and belief, and as to those matters, I believe them to be true and correct.

Dated: July 14, 2026

_____

Alexis Moret, *Shareholder*

12